IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31868-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESLEY JAMES WEYAND, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — On January 27, 2015, this court, in an unreported decision, affirmed the trial court's denial of Wesley Weyand's motion to suppress. *State v. Weyand*, noted at 185 Wn. App. 1038 (2015). Weyand sought review from the state Supreme Court. The Supreme Court granted Weyand's petition for review and remanded to this court for reconsideration in light of *State v. Fuentes*, 183 Wn.2d 149, 352 P.3d 152 (2015). *State v. Weyand*, 184 Wn.2d 1001, 357 P.3d 663 (2015). After reconsideration, we again affirm the trial court.

At the instruction of the state Supreme Court, we reconsidered our ruling in light of *State v. Fuentes*, 183 Wn.2d 149, 352 P.3d 152 (2015). *Fuentes* is a consolidation of two cases *State v. Fuentes* and *State v. Sandoz*. In each case, the high court resolved whether the totality of the circumstances provided law enforcement with reasonable, individualized suspicion of criminal activity to conduct a *Terry* stop. *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). Neither case involves a suspect exiting, after a short visit, a house with the extensive drug history that 95 Cullum Street accrued, combined with the suspicious approach and entry to a car.

We once again hold that, based on the totality of the circumstances, Corporal Henry, with his experience and training as a law enforcement officer, had a reasonable, articulable suspicion that justified the stop. The circumstances included the long history of drug activity at 95 Cullum Street, the time of night, the twenty-minute stop at the house, the brisk walking, and the glances up and down the street. When the trial court finds the officer's observations and impressions credible, Washington case law directs us to consider Henry to have some expertise in determining whether criminal activity is afoot. Persuasive cases suggest a fast walk and peering up and down the street may be included in the calculus of reasonable suspicion.

This appeal conforms closer to *State v. Fuentes* than *State v. Sandoz*. In *Fuentes*, the officer saw the suspect enter and exit a house, where a controlled buy had earlier occurred and where drugs had been found upon entry with a search warrant. In our

2

No. 31868-1-III
*State v. Weyand*

appeal, a critical fact is the extensive drug activity in the home where Wesley Weyand entered. In *Fuentes*, the length of time the suspect spent inside the home was consistent with a drug purchase. In *Sandoz*, the officer knew four tenants in a six-unit apartment building had been convicted for drug-related activity and drug-related activity occurred in the area, but the record does not show any drug activity in the apartment from which the suspect exited. The officer did not know for how long the suspect had been inside the apartment.

Once again, we affirm the conviction of Wesley Weyand.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Korsmo, J.

3